## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

JOHN MICHAEL GARCIA,

    Plaintiff,

    v.

PATRICIA GOINS-JOHNSON, *Warden*,

    Defendant.

Civil Action No. TDC-14-3345

## MEMORANDUM OPINION

On October 24, 2014, Plaintiff John Michael Garcia, who was an inmate at Patuxent Institution ("Patuxent") in Jessup, Maryland, filed a Complaint under 42 U.S.C. § 1983 against Defendant Patricia Goins-Johnson, the Warden of Patuxent. ECF No. 1. Presently pending is the Warden's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment ("Motion"), which was filed on June 4, 2015. ECF No. 10. On June 17, 2015, Garcia filed a Response to the Motion. ECF No. 12. The Motion is fully briefed and ripe for disposition. No hearing is necessary to resolve the issues. *See* D. Md. Local R. 105.6. For the reasons set forth below, the Motion is GRANTED.

## BACKGROUND

Garcia was incarcerated at Patuxent Institution from April 30, 2014 to November 18, 2014. While confined at Patuxent, Garcia was enrolled in a drug treatment program that required him to take occasional urinalysis tests for illegal substances. Previously, however, Garcia had been prescribed pain medication "in one form or another since 1984" and had a prescription for codeine, an opiate-based medication, at the beginning of his incarceration at Patuxent. *See* Compl., Statement of Claim Continuation, at 1, ECF No. 1-1.

Unfortunately for Garcia, his prescription pain medication caused him to test positive for drug use on two separate occasions, causing the Patuxent staff to twice place him on administrative segregation. The first of these test results was received on June 11, 2014. The following day, Garcia was placed on administrative segregation to await an adjustment hearing. At the hearing on June 20, 2014, Garcia was found not guilty because he had a valid codeine prescription. On July 26, 2014, Garcia was found to have failed a second urinalysis test, administered on July 1, and was once again placed on administrative segregation. According to Garcia, the Chief of Security told him that he would keep Garcia in segregation "no matter what the doctors said." Statement of Claim Continuation, at 1. Patuxent held a hearing on August 15, 2014, and Garcia was found not guilty for the same reasons. Garcia voluntarily stopped taking codeine in July 2014 to avoid being placed on administrative segregation again, but he suffered from severe pain as a result. Garcia was not placed on segregation for the rest of his incarceration at Patuxent.

Pursuant to the Maryland Division of Correction Administrative Remedy Procedures, Garcia filed several requests for an administrative remedy ("ARPs") regarding his placement in segregation based on the positive urinalysis tests. He "signed off" on the first ARP because he believed "mistakes can happen" and he wanted to give Patuxent "the benefit of the doubt." Statement of Claim Continuation, at 2. But after Garcia was placed on segregation for a second time, he filed "a couple more" ARPs. *Id.* Garcia acknowledges that some of these ARPs were dismissed, but he claims that he never received a response to his August 3, 2014 ARP. On October 24, 2014, Garcia filed his Complaint in this Court, seeking $10,000 for the "pain and suffering" he endured as a result of administrative segregation and having to give up taking codeine. Compl. § IV.

## DISCUSSION

### I.      Legal Standard

In considering a motion to dismiss, the Court "evaluates the complaint in its entirety, as well as documents attached or incorporated into the complaint." *E.I. du Pont de Nemours & Co. v. Kolon Industries, Inc.*, 637 F.3d 435, 448 (4th Cir. 2011). Here, the Warden has attached several documents and declarations to the Motion in support of the argument that the Complaint should be dismissed because Garcia has not exhausted administrative remedies, as required by the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. §§ 1997e *et seq.* (2012). If "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d).

Ordinarily, summary judgment is inappropriate "where the parties have not had an opportunity for reasonable discovery." *E.I. du Pont de Nemours & Co.*, 637 F.3d at 448. However, "the nonmoving party cannot complain that summary judgment was granted without discovery unless that party had made an attempt to oppose the motion on the grounds that more time was needed for discovery or moved for a continuance to permit discovery before the district court ruled." *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996). Here, Garcia has not made such a request, but has instead responded to the Warden's administrative exhaustion argument and has attached his own exhibits. Thus, the Court may properly construe the Motion as a Motion for Summary Judgment on the issue of administrative exhaustion. *See Moore v. Bennette*, 517 F.3d 717, 725–26 (4th Cir. 2008) (holding that a court may dismiss a PLRA claim based on failure to exhaust administrative remedies if the plaintiff "was afforded an opportunity to respond to the defendant['s] contentions that he had failed to exhaust his administrative remedies").

Under Federal Rule of Civil Procedure 56(a), the Court grants summary judgment if the moving party demonstrates there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In assessing the Motion, the Court views the facts in the light most favorable to the nonmoving party, with all justifiable inferences drawn in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The Court may rely only on facts supported in the record, not simply assertions in the pleadings. *Felty v. Grave–Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987).

The nonmoving party has the burden to show a genuine dispute on a material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). "A material fact is one that might affect the outcome of the suit under the governing law." *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183 (4th Cir. 2001) (quoting *Anderson*, 477 U.S. at 248) (internal quotation marks omitted). A dispute of material fact is only "genuine" if sufficient evidence favoring the nonmoving party exists for the trier of fact to return a verdict for that party. *Anderson*, 477 U.S. at 248–49.

## II.    Exhaustion of Administrative Remedies

Under the PLRA, before filing a § 1983 action regarding prison conditions, a prisoner must properly exhaust available administrative remedies. 42 U.S.C. § 1997e(a) (2012); *Moore*, 517 F.3d at 725–26. This exhaustion requirement mandates that prisoners complete the administrative review process in accordance with the applicable procedural rules before filing a claim in federal court. *See Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). Courts have no discretion to dispense with the exhaustion requirement in lawsuits where the PLRA applies. *See id.* at 85.

4

To exhaust administrative remedies on this type of matter, inmates in a Maryland correctional facility need to follow a three-step process: "the inmate files a request for remedy with the warden, then appeals a denial to the Commissioner of Corrections, and finally appeals any subsequent denial to the Inmate Grievance Office." *See Blake v. Ross*, 787 F.3d 693, 697 (4th Cir. 2015). Thus, an ARP must be filed with the warden within 30 days of the incident. Administrative Remedy Policy, Division of Correction Directive No. 185-002 ("DCD 185-002") § VI.L.3 (2008). If the ARP is denied, the inmate has 30 days to appeal to the Commissioner of Correction. *Id.* § VI.M.1. If that appeal is denied, the inmate must appeal to the Inmate Grievance Office ("IGO") within 30 days. *Id.* § VI.N.1; Md. Code Regs. 12.07.01.02.D & 12.07.01.05.B (2015).

In this case, Garcia filed several ARPs. In one instance, Garcia withdrew his ARP before the prison ruled on it. In other instances, Garcia acknowledges that his ARPs were dismissed. Significantly, the Executive Director of the IGO has confirmed that Garcia has never appealed these dismissals to the IGO. Garcia has not rebutted this evidence with evidence of his own that he, in fact, appealed those ARPs.

Garcia claims that on one other occasion, on August 3, 2014, he filed an ARP but never received a response. However, under Maryland Division of Correction rules, prisoners are to treat a failure of the warden to respond within 30 days of the submission of the ARP as a denial, which must then be appealed to the Commissioner of Correction. *See* DCD 185-002 § VI.L.17; *see also French v. Warden*, 442 F. App'x 845, 846 (4th Cir. 2011) (affirming, based on DCD 185–002, a dismissal for failure to exhaust administrative remedies when the plaintiff failed to appeal after receiving no response to an ARP). Therefore, the Warden effectively denied Garcia's August 3, 2014 ARP on September 2, 2014, 30 days after it was submitted. By failing

to appeal this "decision" further, Garcia failed to exhaust the administrative remedies available to him.

Garcia raises serious allegations regarding Patuxent's procedures for placing individuals with known, legitimate pain medication prescriptions in administrative segregation based on a positive urinalysis test result, which should prompt Patuxent to reexamine those procedures. Notably, Garcia asserts that he has "never been put on segregation" at other correctional institutions for taking such medication. Statement of Claim Continuation, at 3. According to Garcia, he was essentially "bullied by Patuxent to stop taking my medication" in order to avoid being sent to segregation, resulting in "severe" pain. *Id.* at 2. Thus, an ARP complaint that was properly exhausted may have resulted in a different outcome on this Motion. *See, e.g., Wimbush v. Matera*, No. SAG–11–1916, 2014 WL 7239891, at *7 (D. Md. Dec. 17, 2014) (finding that the plaintiff had stated a claim where he had been prescribed pain medication, where his medical providers at the prison "acknowledged his chronic pain," and where he was nevertheless withheld pain medication for over a month). Nevertheless, because Garcia has not properly exhausted available administrative remedies, the Court will grant the Motion for Summary Judgment. *See Woodford*, 548 U.S. at 89; *French*, 442 F. App'x at 846.

## CONCLUSION

For the foregoing reasons, the Motion for Summary Judgment is GRANTED. A separate Order shall issue.

Date:  January 27, 2016

THEODORE D. CHUANG
United States District Judge

6